IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABB POWER T&D COMPANY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANDIS & GYR UTILITIES SERVICES )<br>HOLDING, INC., LANDIS & GYR )<br>UTILITIES SERVICES, INC. and )<br>ELECTROWATT AG )<br>)<br>Defendants. ) | C.A. No. 1:97-cv-00417-KAJ |

**LANDIS+GYR'S OPPOSITION TO ELSTER'S MOTION TO ENJOIN LANDIS FROM PROSECUTING ITS DECLARATORY JUDGMENT ACTION**

Rudolf E. Hutz, Bar. No. 484
N. Richard Powers, Bar. No. 494
Oleh Bilynsky, Bar. No. 3604
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware   19899-2207

And

Of Counsel:
James M. Bollinger
Steven D. Underwood
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York   10178
(212) 309-6000

Counsel for Defendant Landis+Gyr Inc.

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. THE SALIENT FACTS ................................................................................................... 3

    A. The Parties, Proceedings To Date and Pending Dispute ........................................ 3

        1. The Royalty Dispute And Its Manifest Complexities .............................. 3

        2. The Remedy Provision Of The License Agreement ................................ 4

    B. Settlement Efforts By The Parties .......................................................................... 4

    C. Elster's Three Concurrent Motions ........................................................................ 5

        1. Elster's Motion To Enforce The License Agreement .............................. 5

        2. Elster's Motion to Enjoin ......................................................................... 5

        3. Elster's Third Motion ............................................................................... 6

III. ARGUMENT .................................................................................................................... 7

POINT I    IN THE CONTEXT OF THE CROSS-LICENSE AGREEMENT, THE TERM "SUIT" MEANS A FORMAL COMPLAINT FOR BREACH OF CONTRACT ................................................................................... 7

POINT II   THE COMPLEXITY OF THE DISPUTE FORECLOSES THE SHORTENED SUMMARY DISPUTE SOUGHT BY ELSTER ....................... 8

IV. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Autera v. Robinson*,
    419 F.2d 1197, 1200 (D.C. Cir. 1969))......................................................................8

*Hobbs & Co., Inc. v. America Investors Management*,
    576 F.2d 29 (3d Cir. 1978)..........................................................................2, 8, 9

*Interspiro USA Inc. v. Figgie International, Inc.*,
    815 F. Supp. 1488 (D. Del. 1993)..................................................................9

*Pathman Construction Co. v. Knox County Hospital*,
    164 Ind. App. 121 (Ind. Ct. App. 1975)......................................................2, 7

## FEDERAL STATUTES

Fed.R.Civ.P., Rule 3 ...........................................................................................2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABB POWER T&D COMPANY, INC. | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:97-cv-00417-KAJ |
| LANDIS & GYR UTILITIES SERVICES HOLDING, INC., LANDIS & GYR UTILITIES SERVICES, INC. and ELECTROWATT AG | ) |
| Defendants. | ) |

**LANDIS+GYR'S OPPOSITION TO ELSTER'S MOTION TO ENJOIN LANDIS FROM PROSECUTING ITS DECLARATORY JUDGMENT ACTION**

Landis+Gyr Inc. ("Landis+Gyr") hereby opposes the Motion to Enjoin Landis from Prosecuting Its Declaratory Judgment Action filed by Elster Electricity LLC ("Elster").

**I.     PRELIMINARY STATEMENT**

Landis+Gyr's lawsuit, asserting both Declaratory Judgment and Breach of Contract claims against Elster, was filed in complete compliance with both the Rules of this Court and the Federal Rules of Civil Procedure. Because it is the "sole and exclusive remedy" available to Landis+Gyr in this contract/license dispute with Elster, its propriety is unquestionable.

Without a shred of authority, Elster requests that this Court "enjoin" Landis+Gyr's lawsuit <u>on the merits</u>. Elster's improper request should be denied for each of the following reasons:

a.     Landis+Gyr's lawsuit complies with the Cross-License Agreement, which mandates that the "sole and exclusive remedy" for the parties' dispute is a "suit" for breach of contract in this Court. Elster, a party to this Agreement, now argues that its *motion* for unilateral

discovery and a damage award is a *lawsuit* authorized by the Cross-License Agreement. The facts, law and common sense are to the contrary. A "lawsuit" pursuant to the Federal Rules of Civil Procedure and the Rules of this Court is a *cause of action* that can only be initiated by formal Complaint. Fed.R.Civ.P., Rule 3. *Pathman Construction Co. v. Knox County Hospital*, 164 Ind. App. 121, 136 (Ind. Ct. App. 1975).

  b. Elster's pending motions formally caption a long dormant and terminated litigation that involved these parties' competing patent infringement claims, a case that was settled by the Cross License Agreement in 1998 before the now retired Judge Murray M. Schwartz. The current dispute involves complex patent and technical issues regarding sophisticated computer controlled electricity power meters. Indeed, the current dispute has been ongoing for almost four years now, with extensive informal efforts to resolve the matter and Elster's hiring three experts (two technical, one financial) to assist its patent counsel. There can be **no** reasonable argument that the nature and complexity of this dispute is amenable to the unilateral summary proceedings Elster now seeks. *Hobbs & Co., Inc. v. Am. Investors Mgmt.*, 576 F.2d 29, 34-35 (3d Cir. 1978). Elster's proposed procedure not only violates the express terms of the Patent Cross-License, it shreds Landis+Gyr's due process rights and leaves the Court without any of the pre-trial procedural tools necessary to fairly resolve the breach of contract claim. A dispute less suitable to summary proceedings is hard to imagine.

  Because the Complaint by Landis+Gyr properly – and fairly - postures this dispute before the Court in full compliance with the precise terms of the Cross License Agreement, this action should go forward.

  We discuss each of these points in more detail below.

II. **THE SALIENT FACTS**

    A. **The Parties, Proceedings To Date and Pending Dispute**

The parties, Landis+Gyr and Elster, compete in the market for electricity power meters. Both are parties to and are now embroiled in a dispute over a Patent Cross-License Agreement ("Cross-License Agreement"), and, in particular, whether either party has breached the terms of the Cross-License Agreement and if money is due for past royalties.

        1. **The Royalty Dispute And Its Manifest Complexities**

Elster charges Landis+Gyr with breach of contract and seeks to recover licensing fees that Elster contends are due from Landis+Gyr. The Cross-License Agreement includes six separate technology categories in determining whether a product is licensed or not. These categories include complex technical details that define operational characteristics of various computer controls for electricity power meters. Indeed, the technological issues were so complex for Elster's technically trained patent counsel that they were required to hire two technical experts to assist in their review.

In addition to the inherent technical complexities, the Cross-License Agreement implicates seven separate Elster patents, each with numerous claims. While Elster has failed to identify which of the patent claims are involved with its current license fee claim, it is likely that additional patent issues necessarily will be addressed to resolve this dispute.

A careful review of the technical and patent issues confirms that Landis+Gyr has <u>no</u> obligation to pay license fees because it has no sales of licensed products under the Cross-License Agreement. As noted previously, Landis+Gyr has provided Elster extensive, highly confidential information regarding its most advanced electricity meters. Specifically, information sufficient to establish that Elster is due no royalties has been provided to Elster over the past year during the parties' informal efforts to settle this dispute. Elster refuses to

acknowledge these facts. However, instead of suing Landis+Gyr for breach of contract, as required by the Cross-License Agreement, Elster attempts to avoid a lawsuit and collect fees it alleges are due through unilateral summary enforcement proceedings.

### 2.  The Remedy Provision Of The License Agreement

The Cross-License Agreement includes express provisions to govern any dispute that may arise between the parties. Recognizing that such disputes would likely involve highly complex patent and technical issues, the parties agreed that procedures such as arbitration or other summary proceedings were not appropriate. Accordingly, the parties mandated that the "sole and exclusive remedy" for any dispute under the Cross-License Agreement was by "suit" for breach of contract, (Ex. A, ¶ 12.2) that the parties would provide a formal 30 days notice before "commencement of litigation," (Ex. A, ¶ 11.1) and the action could only be filed in "Federal District Court of Delaware" (Ex. A, ¶ 7.1).

Because subject matter jurisdiction would not otherwise exist for such a suit, the parties further sought and were granted the continued jurisdiction of the District Court to hear the breach of contract cause of action. Taken together, the only plausible construction of these terms is that a claim of breach of contract must be formally presented to this Court by Complaint. By this mechanism, the parties were ensuring that disputes would be resolved by the fair, balanced procedures provided by the Federal Rules.

### B.  Settlement Efforts By The Parties

As discussed extensively in Landis+Gyr's opposition to Elster's first Motion (Motion to Enforce Settlement Agreement), Landis+Gyr worked diligently to resolve the License Agreement dispute with the hope of avoiding litigation. Landis+Gyr's efforts were unsuccessful and indeed, it became clear that Elster's continued pursuit of that matter had become attenuated from any fair assessment of the disputed issues.

C.  **Elster's Three Concurrent Motions**

Elster has sequentially filed and now has pending three motions against Landis+Gyr.

1.  **Elster's Motion To Enforce The License Agreement**

Elster's first Motion seeks a summary determination of royalties by the Court on a highly complex license dispute. The Motion postures three months of discovery of Landis+Gyr, followed by a hearing on the amount of royalties due, presumably to be determined by the Court.

Landis+Gyr opposes this Motion on two grounds. First, the Motion clearly violates the express provisions of the Cross-License Agreement mandating that the "sole and exclusive remedy" was a suit for breach of contract. By insisting on this remedy, the parties were committed to a bilateral fair and just process consistent with the notion of due process inherent in proceedings under the Federal Rules.

The second ground for opposing the Motion stems from the full and complete responses of Landis+Gyr in its good faith effort to answer all of Elster's technical questions and resolve the license dispute without Court intervention. As noted, in detail, in its opposition, Landis+Gyr fully complied with both the letter and spirit of the audit provisions in the Cross-License Agreement. Indeed, the record demonstrates that the information provided to Elster was complete and that Elster at the time it brought its motion had no pending questions.

As stated in Landis+Gyr's Opposition, and without serious challenge, Elster's Motion should be dismissed in favor of Landis+Gyr's properly filed Complaint.

2.  **Elster's Motion to Enjoin**

Elster's instant Motion, triggered by Landis+Gyr's lawsuit for breach of contract under the License Agreement, merely seeks to end the lawsuit. Elster attempts to justify its Motion to Enjoin by arguing that its first Motion is a "lawsuit" (sic) even though it doesn't even come close to providing a fair bilateral mechanism that is a minimum requirement to resolve the dispute --

much less the safeguards guaranteed by the Federal Rules governing this Court. Indeed, Elster has flip-flopped on the issue, first asserting its Motion to Enforce "seeks nothing more than discovery" (p. 1, Elster's Reply in Support of Its Motion to Enforce), and thereafter, claiming its Motion to Enforce qualifies as a complaint – that Elster was the "first to file." (Elster's Memo. in Support of Its Motion to Dismiss). But in the event that the Court doesn't agree with its varied positions, Elster further argues that it should be made "plaintiff" and Landis+Gyr "defendant," of the properly filed lawsuit by Landis+Gyr. Again, no authority is provided for this proposition.

### 3. Elster's Third Motion

Recently, and without waiting for a ruling on its overlapping Motion to Enjoin, Elster filed a motion to dismiss Landis+Gyr's Complaint. The arguments presented include a claim that its first Motion should be considered a Complaint for breach of contract, and, as such, Elster is the "first to file" (a complaint), *i.e.*, filed before Landis+Gyr's actual Complaint. Elster's third Motion implicitly concedes two points. First, that a lawsuit requires a "Complaint" under the Federal Rules (Rule 3), as each "first to file" decision relied on by Elster involved a previously filed Complaint. Second, by seeking dismissal, Elster has rendered its Motion to Enjoin redundant and moot.

\* \* \*

While Elster complains about redundant actions and wasting resources, all three pending Motions are Elster's – not Landis+Gyr's. Indeed, Landis+Gyr's single filing – a "lawsuit," as required by the License Agreement, fully and completely resolves all the disputes between the parties in a manner that complies with the Cross-License Agreement and the Federal Rules of Civil Procedure. Perhaps more importantly, Elster has utterly failed to identify any prejudice to Elster in complying with the Rules and its obligations under the Cross-License Agreement.

III.  **ARGUMENT**

    **POINT I**    **In the Context of the Cross-License Agreement, the Term "Suit" Means a Formal Complaint for Breach of Contract**

Elster does not dispute that the "sole and exclusive remedy" regarding any dispute under the Cross License Agreement is by "suit," but suggests that "suit" covers and includes any proceeding. Common sense, the law and the usage by the parties here clearly dictate otherwise.

Historically, the term "suit" referred to formal legal proceedings in "equity" as distinguished to "actions at law." In modern times, that distinction has been removed, and the term "suit" is used interchangeably with the synonymous term "action," which is defined to cover both actions at law and equity. *See generally*, BLACK'S LAW DICTIONARY 1434 (6th ed. 1990), which defines a "suit of a civil nature" as a "suit for the remedy of a private wrong, called a 'civil action.' Fed.R.Civil P.2," and an "action" as "a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law." *Id.* at 28.[1]

The courts addressing this issue have reached a similar conclusion. In *Pathman Construction Co. v. Knox County Hospital*, 164 Ind. App. 121, 136 (Ind. Ct. App. 1975), the Court stated that the term "action" in "its usual sense, at least its usual legal sense, means a suit brought in court, a formal complaint within the jurisdiction of the court." *Id.*

The Federal Rules contemplate the same understanding. Rule 3 mandates that all actions in Federal Court begin by "the filing of a Complaint with the court or such equivalent pleading or document as may be specified by statute." Indeed, the entire framework of the Rules of Civil Procedure stem from the formalism of the filing of a Complaint with all responsive pleadings and time frames dictated by that filing.

---

[1]    Elster agrees, citing Meriamm Webster's definition for a suit as "an action in court to recover a right or claim." (Elster's Motion to Dismiss, p. 5).

The foregoing is fully confirmed by the context of the parties' agreement. As noted, the Cross License Agreement not only made a "suit" for breach of contract the "sole and exclusive" remedy, it mandated that the suit be brought in Federal District Court of Delaware, and that jurisdiction of the Court was specifically retained so as to ensure its authority to hear any breach of contract claim that may arise. By characterizing the "remedy" as "sole and exclusive," it's clear that the intent of the parties was to limit all possible forms of remedy to a breach of contract action in Federal Court – initiated by Complaint. In this way, the parties preserved all the rights and safeguards that attend formal legal proceedings in a court of law – including discovery, motion practice, protective orders governing confidential information, trial by jury of legal questions and the like.

Because this was the clear intent of the parties, the Court should honor it here by allowing Landis+Gyr's Complaint to proceed.

### POINT II   The Complexity of the Dispute Forecloses the Shortened Summary Dispute Sought by Elster

There is no open-ended authority to hold summary proceedings on settlement agreements, as suggested by Elster. In fact, summary proceedings are substantially limited, by the Third Circuit, to those instances where "a binding settlement agreement is conceded or shown, and the excuse for nonperformance is comparatively unsubstantial." *Hobbs*, 576 F.2d at 34 (citing *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). Further, summary proceedings are "ill-suited for situations involving complex factual issues" and according to the court in *Autera*, "the convenience of the summary procedure must yield to the exigencies of safeguarding all legally protected rights that are involved." *Id.*

Elster asserts that its sole cited authority, *Interspiro USA Inc. v. Figgie Int'l, Inc.*, 815 F. Supp. 1488, 1500-1501 (D. Del. 1993) provides authority for summary proceedings without limitation. Elster's reliance on *Interspiro* is misplaced.

In particular, the settlement agreement in *Interspiro* did not include any provision limiting the available remedies, and certainly contained nothing approaching the clear and emphatic limitations of the Elster-Landis+Gyr Cross-License Agreement, mandating the "sole and exclusive remedy" as a "suit" for breach of contract. Indeed, the *Interspiro* Court specifically noted that defendant "*Figgie*" did not even contest and thus accepted plaintiff proceeding by *motion*, as opposed to a "suit" initiated by a Complaint.[2]

Contrary to the instant matter, *Interspiro* falls within the narrow exception carved out by *Hobbs* that allows summary proceedings <u>unless</u> the dispute "involves complex factual issues." *Hobbs* at 34 (quoting *Autera*). In *Interspiro*, there was no reference to discovery, as the dispute involved a simple mechanical device. In contrast, in *Hobbs v. American Investors Management Inc.*, the summary procedure held by the district court was vacated, because the matter involved a dispute having complexities that rendered summary resolution improper. *Id.* at 35-37. The Third Circuit specifically noted that the contested settlement agreement included remedy provisions ignored by the trial court. *Id.*

The facts in the instant case make Elster's summary procedure even less palatable. The matter is certainly complex, as even Elster seeks months of discovery – albeit unilateral. The dispute involves matters of such technical complexity that Elster has retained two separate

---

[2] The dispute was raised in *Interspiro* less than two years after it was settled, before the same judge and involving most of the same parties. The instant matter by Elster enjoys no ready familiarity by the Court of the issues or parties. Accordingly, the divergent facts and disparate agreement prevent *Interspiro* from offering meaningful guidance here.

technical experts to date – on top of the accounting firm of KPMG. As such, summary proceedings here simply cannot safeguard "all legally protected rights that are involved." *Id.* at 34.

As noted above, the original action was terminated over seven years ago before Judge Murray M. Schwartz who has long since retired. The present Court has no "history" with the matter to assist in an expedited procedure, and would be far better served by proceeding in accordance with the Federal Rules – just as the parties had originally envisioned.

## IV. CONCLUSION

For the reasons presented above, Elster's Motion to Enjoin should be denied.

Respectfully submitted,

Dated: March 28, 2006

/s/ Oleh V. Bilynsky
Rudolf E. Hutz, Bar. No. 484
N. Richard Powers, Bar. No. 494
Oleh Bilynsky, Bar. No. 3604
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

And

Of Counsel:
James M. Bollinger
Steven D. Underwood
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

Counsel for Defendant Landis+Gyr Inc.