IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABB POWER T&D COMPANY, INC., (now Elster Electricity LLC) | : : : : | |
| Plaintiff, | : : : | |
| v. | : : : | C.A. No. 97-417-KAJ |
| LANDIS & GYR UTILITIES SERVICES HOLDINGS, INC., LANDIS & GYR UTILITIES SERVICES, INC. and ELECTROWATT AG, (now Landis+Gyr Inc.) | : : : : : : : : | |
| Defendant. | : | |

### ELSTER'S REPLY IN SUPPORT OF ITS MOTION TO ENJOIN LANDIS FROM PROSECUTING ITS DECLARATORY JUDGMENT ACTION

Landis+Gyr Inc.'s ("Landis") Opposition to Elster's Motion to Enjoin Landis from Prosecuting Its Declaratory Judgment Action (D.I. 70) repeats many of the arguments Landis already made in its Opposition to Elster's Motion to Enforce Settlement Agreement ("Motion to Enforce") (D.I. 59). This Reply therefore addresses only one of Landis's arguments in detail – that the nature of the parties' dispute is somehow too complex to be resolved through Elster's first-filed Motion to Enforce. In addition, Landis's argument that the PCLA requires a "separate lawsuit" is frivolous and, as discussed below, is not a proper ground for denying Elster's Motion to Enforce.

### ARGUMENT

**I.    THE PARTIES' DISPUTE IS OVER A SETTLEMENT AGREEMENT AND NOTHING ELSE**

Landis says that the issues are too complex to resolve by way of Elster's Motion to Enforce. It proclaims that the dispute requires the Court to address six different and complex technology categories of the PCLA, that this will require the Court to study each of their

"complex technical details," and, perhaps most outlandlishly, that the Court will need to address numerous patents and patent claims (D.I. 70, p. 3). All of this is contrived and just plain wrong.

The 1998 Settlement Agreement settled a 1997 patent infringement action brought by Elster against Landis. That Settlement Agreement contractually settled all of the patent infringement issues between the parties with respect to the Landis S4 and ZMC meter products involved in the present dispute. The parties contractually agreed that any future disputes would be addressed by reference to the six technology categories set forth in the PCLA, not with reference to the patents. Based on the information that Landis has provided to date, there is only *one* technology category presently in dispute, and Landis has known this for a very long time. Thus, the only issue presently before the Court is whether those S4 and ZMC meters that Landis secretly excluded from its reports to Elster, and on which it did not pay royalties, are in fact royalty bearing under that single category of the PCLA.

Landis mischaracterizes Elster's Motion to Enforce as more complex than it really is. Elster seeks no more than limited discovery concerning the non-reported S4 and ZMC meters (information that should have been voluntarily provided by Landis under the PCLA), so that it can resolve Landis's contradictory statements as to how those meters operate, and hence whether they are royalty bearing. Landis, on the other hand, has attempted to turn this dispute into a full blown, brand new litigation over issues that do not exist, and may never exist.

Simply, this is a dispute over a Settlement Agreement. "[I]t is well established that district courts generally have the power to enforce summarily, on motion, settlement agreements entered into with their approval …" *Hobbs & Co., Inc. v. Am. Investors Mgmt.*, 576 F.2d 29, 34 (3d Cir. 1978). While *Hobbs* does caution against use of summary enforcement in cases involving "complex factual issues," this is not such a case. Elster's Motion to Enforce seeks

only discovery with respect to *one* technology category in the parties' PCLA.  If the outcome of Elster's discovery reveals that Landis's initial characterizations about the operation of its meters are true, an evidentiary hearing should suffice to permit the Court to receive evidence on which to base any further decision.

## II.     "SEPARATE LAWSUIT"

The PCLA couches the relevant remedy for breach in terms of "a suit" (for royalties or other relief).  Landis says that the term "suit" in the PCLA is interchangeable with the term "action," and then proceeds to argue that an "action" means a new lawsuit.  That reasoning is twisted and misleading.  The term 'action" is not used in the PCLA.  But in the same dictionary Landis relies upon, the actual term used in the PCLA, *i.e.*, "suit," is defined as follows:

> a generic term, of comprehensive signification, referring to *any proceeding* by one person or persons against another or others in a court of justice in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the enforcement of a right, whether at law or in equity.

BLACK'S LAW DICTIONARY 1286 (6th ed. 1990) (emphasis added).  For whatever reason, Landis felt that it was not important to acknowledge the existence of this definition, because it never referred to it in any of its papers.

Where a court expressly retains jurisdiction to enforce a settlement agreement, the "Settlement Agreement is enforceable by motion; a party with a grievance need not file a new complaint." *Interspiro USA, Inc. v. Figgie Int'l, Inc.*, 815 F. Supp. 1488, 1501 (D. Del. 1993) (citing *Hobbs & Co., Inc. v. Am. Investors Mgmt.*, 576 F.2d 29, 34-35 (3d Cir. 1978)).  Here, this Court expressly retained jurisdiction to resolve disputes over the Settlement Agreement.  Landis suggests this refers only to personal jurisdiction over the parties. Yet, that is not what the Settlement Agreement and order of dismissal say.

3

## CONCLUSION

Landis's Complaint raises *no* substantive issues beyond those raised in Elster's Motion to Enforce, and Landis should be enjoined from proceeding with its duplicative, separate lawsuit. Alternatively, Landis's separate action should be consolidated with Elster's Motion to Enforce.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff ABB Power T&D Company (now Elster Electricity LLC)*

OF COUNSEL:
Steven J. Rocci
Steven B. Samuels
Vincent J. Roccia
WOODCOCK WASHBURN LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

April 11, 2006

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on April 11, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

I also certify that copies were caused to be served on April 11, 2006, upon the following in the manner indicated:

### BY HAND

Rudolf E. Hutz, Esquire
N. Richard Powers, Esquire
Oleh Bilynsky, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

### BY FEDERAL EXPRESS

James M. Bollinger, Esquire
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

/s/ Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com